UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF ZACHARY SNYDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                         ) | No. 1:11CV24 LMB |
| ) | |
| STEVEN JULIAN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Presently pending before the court is plaintiffs' Motion to Strike.  (Doc. No. 106).  Defendant has field a Response in Opposition to plaintiffs' Motion to Strike.  (Doc. No. 114).

On August 15, 2012, a jury returned a verdict in favor of defendant on plaintiffs' § 1983 claim, and in favor of plaintiffs on plaintiffs' state wrongful death claim.  The jury awarded a total of $1,000.000.00 in damages.  On August 8, 2013, the court entered an amended judgment apportioning the balance of the damages awarded by the jury among the plaintiffs.  (Doc. No. 111).

On July 30, 2013, Defendant Steven Julian filed a Discharge of Debtor in United States Bankruptcy Court for the Eastern District of Missouri, Case Number 13-10407, listing Steven Randall Julian as a Debtor.  (Doc. No. 105).

On July 31, 2013, plaintiffs filed a Motion to Strike the Discharge of Debtor filed on July 30, 2013.  (Doc. No. 106).  Plaintiffs argue that the debt evidenced by the Judgment in this matter has not been discharged, as there is a pending Adversarial Complaint in bankruptcy court.  Plaintiffs contend that, because the Discharge of Debtor filed on July 30, 2013 in this action does not accurately reflect the current stance of the bankruptcy proceedings, the court should strike the

document from the record.

In his Response, defendant argues that the decision whether to except the judgment in the instant case from discharge belongs to the Bankruptcy Court.  Defendant further argues that, should this court decide to rule on the dischargeability issue, the court should uphold the discharge of the Bankruptcy Court because plaintiffs cannot demonstrate the elements required for exception.

The bankruptcy court has exclusive jurisdiction over cases arising under Title 11 of the Bankruptcy Code.  <u>See</u> 28 U.S.C. § 1334(a).  This court declines to rule on the dischargeability of the judgment in the instant case, as this matter is properly pending before the Bankruptcy Court.

The court further finds that the Discharge of Debtor filed by Defendant Julian served the limited function of providing notice to the parties and the court of Defendant Julian's bankruptcy case, and did not prejudice plaintiffs in any way.  For these reasons, the court declines to strike the Discharge of Debtor document filed by Defendant Julian in this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Strike (Doc. No. 106) be and it is **denied**.

Dated this  2nd    day of October, 2013.

*/s/ Lewis M. Blanton*
_____
LEWIS. M. BLANTON
UNITED STATES MAGISTRATE JUDGE