UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ESTATE OF ZACHARY SNYDER, et al., )
)
    Plaintiffs, )
)
vs. ) Case No. 1:11CV 24 LMB
)
STEVEN RANDALL JULIAN, )
)
    Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's Motion to Stay Judgment (Doc. No. 121), and plaintiffs' Motion for Order Regarding Supersedeas Bond (Doc. No. 126).

**I.**     **BACKGROUND**

On August 15, 2012, a jury returned a verdict in favor of defendant on plaintiffs' § 1983 claim, and in favor of plaintiffs C.S., E.S., M.L.E.M., and M.G.O. on plaintiffs' state wrongful death claim. The jury awarded a total of $1,000.000.00 in damages. (Doc. No. 85). In an Order dated August 8, 2013, the court denied defendant's Motion for Judgment Notwithstanding the Verdict or, in the alternative, For a New Trial, and amended the judgment to apportion the balance of the damages awarded by the jury among the minor plaintiffs. (Docs. No. 111, 112). Defendant appealed the court's August 8, 2013 final judgment. (Doc. No. 115).

On October 18, 2013, defendant filed the pending motion to stay the judgment pending the appeal. Plaintiffs object to a stay without requiring a supersedeas bond.

**II.**     **LEGAL STANDARD**

Rule 62(d) of the Federal Rules of Civil Procedure, provides that:

> [i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d). "With respect to money judgments, Rule 62(d) has been interpreted to mean that an appellant may obtain a stay of the money judgment during the pendency of the appeal as a matter of right by posting an adequate supersedeas bond." United States v. Mansion House Ctr. Redevelopment Co., 682 F. Supp. 446, 449 (E.D. Mo. 1988) (citing Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc., 87 S. Ct. 1 (1966)). "'The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay.'" New Access Commc'ns LLC v. Qwest Corp., 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005) (quoting Adzick v. Unum Life Ins. Co. of Am., 2003 WL 21011345, at *1 (D. Minn. Apr. 16, 2003)). While "[a] full supersedeas bond is the norm," a district court does have discretion to waive the bond requirement or to only require a partial bond, while still implementing a stay of the judgment pending appeal. Mansion House, 682 F. Supp. at 449 (citing Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986); see also New Access, 378 F. Supp. 2d at 1138 (quoting Adzick, 2003 WL 21011345, at *1).

### III.  DISCUSSION

Noting that "[a] supersedeas bond essentially serves as a guarantee by the appellant that he will satisfy the judgment plus interest and costs if it is affirmed on appeal," the Eastern District of Missouri has identified three main purposes that are served by such a bond:

> first, it permits the appellant to appeal without risking satisfying the judgment prior to appeal and then being unable to obtain a refund from the appellee after the judgment is reversed on appeal; second, it protects the appellee against the risk that the appellant could satisfy the judgment prior to the appeal but is unable to satisfy the

judgment after the appeal; and third, it provides a guarantee that the appellee can recover from the appellant the damages caused by the delay incident to the appeal, that is the bond guarantees that the appellee can recover the interest that accrues on the judgment during the appeal.

Mansion House, 682 F. Supp. at 449 n.5 (citing Grubb v. FDIC, 833 F.2d 222, 226 (10th Cir. 1987); Halbach v. Great-West Life & Annuity, No. 4:05CV02399ERW, 2009 WL 214671 (E.D. Mo. Jan. 28, 2009); Tenn. Valley Auth. v. Atlas Mach. & Iron, 803 F.2d 794, 799 (4th Cir. 1986); Moore v. Townsend, 577 F.2d 424, 426 (7th Cir. 1978)). The court will apply these considerations in determining whether the supersedeas bond requirement should be waived in this case.

With respect to the first purpose, risk of inability to obtain refund, the purpose would be equally served by either requiring defendant to post a supersedeas bond or by waiving the bond requirement, since neither requires defendant to actually turn the money over to plaintiffs.

With respect to the second and third purposes, ability to satisfy judgment and pay interest, the court finds that defendant has the clear ability to pay the judgment in addition to any accumulated interest. As defendant states in his Reply, the judgment in this matter is payable from the State Legal Expense Fund. The statute governing the Legal Expense Fund provides:

> [m]oneys in the state legal expense fund shall be available for the payment of any claim or any amount required by any final judgment rendered by a court of competent jurisdiction against...any officer or employee of the state of Missouri or any agency of the state...upon conduct of such officer or employee arising out of and performed in connection with his or her official duties on behalf of the state, or any agency of the state[.]

RSMo. § 105.711.2(2). Defendant also points out that any judgment that may be paid out is earning post-judgment interest. See 28 U.S.C. § 1961. The court is confident in the State's ability to satisfy the judgment in this matter. To require a supercedeas bond in this matter would

impose unnecessary costs on the State. The court notes that bonds in the State of Missouri typically require collateral in addition to a five percent fee, $50,000.00 in this case. See Ex. A (Requirement by The Bar Plan for the issuance of a bond). To require the State to incur such a significant expense would be a needless waste of taxpayer funds.

Thus, upon considering the purposes of the supersedeas bond requirement, it is clear to the court that defendant has presented a strong case in favor of granting a stay without requiring a bond. See Executive Air Taxi Corp. v. City of Bismarck, 2007 WL 559819, at *1 (D. N.D. 2007) (listing a number of factors to consider in deciding whether to waive the bond requirement, including "the degree of confidence that the district court has in the availability of funds to pay the judgment" and "whether the appellant's ability to pay the bond is so plain the cost of the bond would be a waste of money").

### IV. CONCLUSION

Defendant has demonstrated that he clearly has the ability to pay the cost of the judgment plus interest and the court is confident in his ability to do so. Plaintiffs' arguments suggesting that the court should not grant a stay without requiring a supersedeas bond are rejected and the court will stay the execution of the judgment pending resolution of defendant's appeal. Further, the court will waive the supersedeas bond requirement.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Stay Judgment (Doc. No. 121), be and it is **granted**.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Order Regarding Supersedeas Bond (Doc. No. 126) be and it is **denied**.

Dated this 20th day of February, 2014.

/s/ Lewis M. Blanton
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE